UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ST SHIPPING & TRANSPORT PTE, LTD.,

                       Petitioner,

                                                                        15 Civ. _____ ( )

   -against-

AGATHONISSOS SPECIAL MARITIME ENTERPRISE,

                       Respondent.

------------------------------------------------------------------X


# ST SHIPPING & TRANSPORT PTE, LTD.'S
# MEMORANDUM OF LAW IN SUPPORT OF PETITION
# TO VACATE THE PARTIAL FINAL ARBITRATION AWARD


                                                          **CLYDE & CO US LLP**
                                                          John R. Keough
                                                          Casey D. Burlage
                                                          Zoë E. Sajor
                                                          The Chrysler Building
                                                          405 Lexington Avenue, 16th Floor
                                                          New York, New York 10174
                                                          <u>Tel.</u>: (212) 710-3900
                                                          <u>Fax</u>: (212) 710-3950

                                                          *Attorneys for Petitioner*
                                                          *ST Shipping & Transport Pte, Ltd.*

# TABLE OF CONTENTS

Preliminary Statement ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................... 2

    A. The Charter Party................................................................................................. 2
    B. The Collision....................................................................................................... 2
    C. The Initial Claims .............................................................................................. 4
    D. The Partial Final Award ..................................................................................... 5

Argument ....................................................................................................................... 6

I. THE PANEL REFUSED TO HEAR EVIDENCE PERTINENT AND MATERIAL TO THE CONTROVERSY, AND DENIED CHARTERER AN OPPORTUNITY FOR A FULL AND FAIR HEARING; AND THUS THE PARTIAL FINAL AWARD IS FUNDAMENTALLY UNFAIR ................................................................................ 6

CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

                                                                                                 **Page(s)**

**Cases**

*Aferiat v. Grossman*,
No. 96 CIV. 1774 (JFK), 1998 WL 99797 (S.D.N.Y. Mar. 4, 1998) .................................. 10

*Agathonissos Special Maritime Enterprise v. ST Shipping and Transport Pte, Ltd.*,
SMA No. 4248, 2015 WL 1520029 (S.M.A.A.S. Mar. 27, 2015) ............................... 6, 7, 9

*Areca, Inc. v. Oppenheimer & Co., Inc.*,
960 F.Supp. 52 (S.D.N.Y. 1997) ......................................................................................... 9

*AT & T Corp. v. Tyco Telecommunications (U.S.) Inc.*,
255 F. Supp.2d 294 (S.D.N.Y. 2003) .................................................................................. 8

*Hoteles Condado Beach v. Union De Tronquistas Local 901*,
763 F.2d 34 (1st Cir. 1985) ................................................................................................. 8

*Mallory Factor Inc. v. West Coast Entm't Group*,
No. 99 Civ. 4819 (JFK), 1999 WL 1021076 (S.D.N.Y. Nov. 9, 1999) ............................ 10

*Sayigh v. Pier 59 Studios, L.P.I.*,
No. 11 CV 1453 (RA), 2015 WL 997692 (S.D.N.Y. Mar. 5, 2015) ................................... 8

*Tempo Shain Corp. v. Bertek, Inc.*,
120 F.3d 16 (2d Cir. 1997) .................................................................................................. 8

*Yusuf Ahmed Alghanim & Sons v. Toys R. Us. Inc.*,
126 F. 3d 15 (2d Cir. 1997) ................................................................................................. 7

**Statutes**

9 U.S.C. § 10 ............................................................................................................................ 1

9 U.S.C. §§ 201 *et seq.* ........................................................................................................... 1

9 U.S.C. § 10(a)(3) ............................................................................................................. 6, 9

## Preliminary Statement

ST Shipping & Transport PTE, Ltd. ("ST Shipping" or "Charterer"), by and through its attorneys, Clyde & Co US LLP, respectfully submits this memorandum of law in support of its petition to vacate the Partial Final Award issued on March 27, 2015, by Arbitrators David Martowski and Klaus C.J. Mordhorst (with Arbitrator Louis P. Sheinbaum dissenting) (collectively, the "Panel"), pursuant 9 U.S.C. §§ 201, *et seq.* and 9 U.S.C. § 10.

The claims at issue in the Partial Final Award arise from a collision between two vessels and the resulting delays to the performance of a charterparty. As noted by Arbitrator Sheinbaum in his dissent, despite the fact (1) that reasonable discovery was not concluded, (2) that no determinations were made as to the liability for the collision or its effect on the resulting delays, and (3) that Charterer was unable to cross-examine or respond to the testimony of Owner's vessel "operator," or to the other additional evidence submitted by the Owner for the first time with its reply brief, the Panel issued a Partial Final Award.

The Panel's premature consideration of the demurrage claims and its issuance of the Partial Final Award despite the outstanding genuine issues of material fact relevant to the fundamental issues of the claims, constitutes a refusal to hear pertinent and material evidence to the controversy. The Panel's misconduct in this respect denied Charterer its right to a full and fair hearing, amounting to fundamental unfairness and warranting vacatur under the Federal Arbitration Act.

The Court, therefore should vacate the Partial Final Award.

# STATEMENT OF FACTS

## A. The Charter Party

Owner, and ST Shipping, as agent, entered into an ASBATANKVOY charter party form incorporating amended Adams Maritime clauses 1 through 36, dated February 27, 2014, for one voyage of the M/T AGATHONISSOS ("the Vessel") to carry a cargo of crude oil from one safe port or lighterage area Uruguay to one or two safe port(s) Chile (the "Charter"). (Petition, at ¶ 5)[1]

## B. The Collision

On March 11, 2014 at 01:00 hours, the Vessel arrived at the ship-to-ship location near La Paloma, Uruguay to load cargo by ship-to-ship transfer from the M/T CARMEN KNUTSEN to the Vessel. (*Id.*, at ¶ 6) At 01:30 hours, the Master of the Agathonissos tendered the Vessel's first notice of readiness. (*Id.*, at ¶ 8) The Vessel's log recorded weather conditions at the time as "significant Force 6" on the Beauford Wind Scale, with the "sea very rough [and] weather strong breeze." (*Id.*)

Prior to the ship-to-ship transfer operation, the supply boat ELS MAITE was scheduled to come alongside the Vessel to transfer the supplies necessary for the transfer operation. (*Id.*, at ¶ 7) At or around 06:30 hours - - one hour before commencement of laytime under the Charter - - and while the Vessel was purposefully adrift, the Vessel and the ELS MAITE collided, with the port side of the Vessel sustaining a puncture approximately 400 mm in length on the shell plating of the port side water ballast tank approximately 11 meters above the Vessel's keel. (*Id.*, at ¶ 9)

---

[1] References herein to "Petition ___" is to ST Shipping's Petition to Vacate the Partial Final Award submitted herewith.

On or about March 12, 2014, the Vessel's Class surveyor determined that the Vessel was prohibited from performing any loading operations or departing Uruguayan waters until the Vessel was repaired. (*Id.*, at ¶ 10) The Owner decided to perform a permanent repair, and the Vessel departed the ship-to-ship location for anchorage at Montevideo. (*Id.*)

On or about March 21, 2014, at 02:00 hours, the Vessel returned to the ship-to-ship location following the alleged repairs. (*Id.*, at ¶ 11) The M/T CARMEN KNUTSEN was replaced by the M/T SUMMIT SPIRIT as the nominated vessel for the ship-to-ship operation. (*Id.*) At 02:30 hours, the Master of the AGATHONISSOS tendered the Vessel's second notice of readiness. (*Id.*) On March 26, 2014, at 06:54 hours, the loading from the M/T SUMMIT SPIRIT to the Vessel was completed without incident. (*Id.*) At 13:00 hours the same day, the Vessel departed the ship-to-ship location and headed to the discharge port in Quintero, Chile. (*Id.*, at ¶ 12) The Master of the Vessel issued three notices of protest for (1) Delay in Notice of Readiness acceptance, (2) "delays in mooring and consequently in start Loading," and (3) "Delays in Loading due to lower loading rate." (*Id.*)

On April 5, 2014, at 15:00 hours, the Vessel arrived near Quintero, Chile to discharge the cargo by ship-to-ship transfer to the M/T MARAN PENELOPE and 15:10 hours, the Master tendered the Vessel's notice of readiness. (*Id.*, at ¶ 13) The notice of readiness was not accepted until May 3, 2014 at 12:55 hours. (*Id.*) On May 4, 2014, at 19:18 hours, the discharge was completed. (*Id.*, at ¶ 14) The Master issued three notices of protest for (1) "Delay in Notice of Readiness acceptance," (2) "Delay in Berthing," and (3) "Delay in discharging due to cargo hose restrictions." (*Id.*)

## C. The Initial Claims

On May 6, 2014, Owner contacted ST Shipping by letter setting forth Owner's claims for damages and resulting delays allegedly attributed to the collision, and notifying ST Shipping of Owner's intent to commence arbitration proceedings. (*Id.*, at ¶ 15) The letter claimed the following damages as a result of the collision: (1) demurrage commencing from the time of the collision until the Vessel's return to the anchorage for loading (9.813 days), and (2) costs for damage repairs, class surveyor fees and fuel oil consumed to and from the repair location. (*Id.*)

On May 9, 2014, Owner presented two invoices to ST Shipping: (1) Invoice No 19565, dated May 8, 2014, for the time allocated to the collision and subsequent repairs (less 1.25% Address Commission), totaling $242,258.44, and (2) Invoice No 19566, dated May 8, 2014, for the entirety of the charter party less the time accounted for in Invoice No 19565 (less 1.25% Address Commission), totaling $768,506.07. (*Id.*, at ¶ 16)

On May 29, 2014, the Owner commenced the arbitration pursuant to Clause 24 of the Charter and appointed Klaus C.J. Mordhorst. (*Id.*, at ¶ 17) On June 18, 2014, Charterer responded with the appointment of Louis P. Sheinbaum. (*Id.*, at ¶ 18) On June 23, 2014, David W. Martowski was appointed the final arbitrator and chairman. (*Id.*, at ¶ 19)

On June 23, 2014, ST Shipping denied responsibility for Owner's claims for damages and demurrage attributed to the collision. (*Id.* at 20) Further, ST Shipping informed the Owner that the negligent actions of the Master prior to the collision rendered the Vessel unseaworthy in breach of the Charter. (*Id.*) Additionally, ST Shipping requested that Owner promptly produce documents relevant to the Owner's claims in the instant arbitration. (*Id.*)

4

### D. The Partial Final Award

On or about October 7, 2014, the Owner amended its notice of arbitration to seek a Partial Final Award with respect to its claim for demurrage at the loading and discharging ports in the amount of $694,443.58. (*Id.*, at ¶ 21) On October 22, 2014, the Owner submitted its Brief in Support of its Request for a Partial Final Award For Outstanding Demurrage. (*Id.*, at ¶ 22)

On November 26, 2014, Charterer submitted its opposition to the Owner's request for a Partial Final Award, essentially arguing that the claims for demurrage at the loading and discharging ports were neither ripe for determination nor separate and independent from the rest of the claims and issues still pending in the arbitration, and requested a full hearing on all of the issues. (*Id.*, at ¶ 23)

In Owner's reply brief dated December 19, 2014, Owner broke down the demurrage claims into three separate periods claiming demurrage in Periods 2 and 3 in its claim for a Partial Final Award:

> Period 1 – From tender of notice of readiness on March 11, 2014 at 0130 at La Paloma, Uruguay to March 21 at 0230 when the Vessel returned to La Paloma, Uruguay after completion of repairs and tenered its notice of readiness.
>
> Period 2 – From tender of notice of readiness on March 21, 2014 at 0230 to completion of loading on March 26, 2014 at 0654; and
>
> Period 3 – From arrival and tendering NOR at Quintera, Chile on April 5, 2014 at 1510 until completion of discharge on May 4, 2014 at 1918.

(*Id.*, at ¶ 24) Also in its reply brief, for the first time, Owner submitted to the Panel a declaration of the "operator" of the Vessel, Captain Antonios Michail, testifying to the alleged circumstances

5

surrounding the discharge of the cargo and submitted new exhibits not previously produced as evidence in support of the Owner's claim. (*Id.*, at ¶ 25)

After receiving the parties' briefs and exhibits, on March 27, 2015 the Panel issued its Partial Final Award in New York, New York. (*Id.*, at ¶ 26) The majority of the Panel (Messrs. Martowski and Mordhurst) found in favor of the Owner with Arbitrator Sheinbaum dissenting. *See Agathonissos Special Maritime Enterprise v. ST Shipping and Transport Pte, Ltd.*, SMA No. 4248, 2015 WL 1520029 (S.M.A.A.S. Mar. 27, 2015).

# ARGUMENT

## I.

### THE PANEL REFUSED TO HEAR EVIDENCE PERTINENT AND MATERIAL TO THE CONTROVERSY, AND DENIED CHARTERER AN OPPORTUNITY FOR A FULL AND FAIR HEARING; AND THUS THE PARTIAL FINAL AWARD IS FUNDAMENTALLY UNFAIR

The Panel's issuance of the Partial Final Award prior to a full and fair inquiry into the facts underlying the collision and its impact on the delays is fundamentally unfair and warrants vacating the Partial Final Award. The collision constitutes a proximate cause of the delays incurred at both the loading and discharge ports, and thus determination of fault for the collision directly affects the Owners' multiple claims for demurrage. The Panel's refusal to allow for (1) reasonable discovery, (2) a full and fair hearing on the claims before it, and (3) an opportunity to respond to the testimony of the Owner's vessel "operator" (or to cross-examine the witness) amounts to a refusal to hear "evidence pertinent and material to the controversy" which constitutes a denial of fundamental fairness by which the rights of ST Shipping have been prejudiced, and warrants vacatur under section 10(a)(3) of the Federal Arbitration Act. 9 U.S.C. § 10(a)(3).

As recognized by Arbitrator Sheinbaum in his dissent:

> The evidence that we have, as indicated above, shows that the delays of Periods 2 and 3 were directly related to and substantially affected by the collision and repairs and the excessive delay resulting from them. In the alternative, the evidence deals with and/or ***reasonably raises numerous outstanding issues of material fact that preclude granting the motion of Owner for Summa[r]y Judgment.***
>
> In my view, a review of the limited evidence and record before us must result in a conclusion that without and but for the collision and repair period, and the undeniable reaction and action of ENAP to them, and the complications arising out of same, the delays in Periods 2 and 3 would not have been anything like the delays experienced.
>
> ***The determination of the above issues is necessary for an informed, fair, reasonable and reasoned determination of the issues of liability, causation and quantum of any alleged excessive laytime.***
>
> . . .
>
> Finally, it seems undeniable to me that the Panel will be able to better, more accurately and more fairly apply the burdens spoken of by the majority after a full hearing and presentation of all the evidence on the demurrage claim of Owner for all 3 Periods. Charterer emphatically insists upon a full hearing for the presentation of all the evidence on all claims and issues as its right in this arbitration. In my view, ***the majority incorrectly and unnecessarily deprives Charterer of this important right in this factually, legally and contractually complex case.***

*See Agathonissos Special Maritime Enterprise v. ST Shipping and Transport Pte, Ltd.*, SMA No. 4248, 2015 WL 1520029, Appendix A (S.M.A.A.S. Mar. 27, 2015) (Sheinbaum dissent) (emphasis added).

The Partial Final Award is a non-domestic award rendered in New York, New York, and thus the Federal Arbitration Act governs this petition to vacate. *Yusuf Ahmed*

*Alghanim & Sons v. Toys R. Us. Inc.*, 126 F. 3d 15, 23 (2d Cir. 1997). Section 10(a)(3) of the Federal Arbitration Act allows the Court to vacate an arbitration award where:

> the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or *in refusing to hear evidence pertinent and material to the controversy*; or of *any other misbehavior by which the rights of any party have been prejudiced* . . . .

9 U.S.C. § 10(a)(3) (emphasis added).

While arbitrators have broad discretion to determine whether to hear certain evidence, they "'*must* give each of the parties to the dispute an adequate opportunity to present its evidence and argument.'" *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2d Cir. 1997) (quoting *Hoteles Condado Beach v. Union De Tronquistas Local 901*, 763 F.2d 34, 39 (1st Cir. 1985)). "[I]f the arbitrator refuses to hear pertinent and material evidence to the prejudice of one of the parties, the arbitration award may be set aside . . . . However, the misconduct must amount to a denial of fundamental fairness of the arbitration proceeding to warrant vacating the award." *AT & T Corp. v. Tyco Telecommunications (U.S.) Inc.*, 255 F. Supp.2d 294, 303 (S.D.N.Y. 2003) (quotation omitted).

> This Court has found that
>
> an arbitrator's actions constitute 'misconduct' for purposes of the FAA where the arbitrator to the prejudice of one of the parties, rejects consideration of relevant evidence *essential to the adjudication of a fundamental issue in dispute*, and the party would otherwise be deprived of sufficient opportunity to present proof of a claim or defense. *The misconduct in that event amounts to a denial of fundamental fairness in the proceeding, and renders the resulting arbitral decision biased, irrational or arbitrary.*

*Sayigh v. Pier 59 Studios, L.P.I.*, No. 11 CV 1453 (RA), 2015 WL 997692, at * 5 (S.D.N.Y. Mar. 5, 2015) (internal quotations omitted).

Here, the fundamental issue in dispute is whether the Charterer is liable for the demurrage incurred due to the delays arising from the collision, a determination that requires a full opportunity to present evidence. As stated by Arbitrator Sheinbaum in his dissent:

> The determination of the above issues is necessary for an informed, fair, reasonable and reasoned determination of the issues of liability, causation and quantum of any alleged excessive laytime.

*Agathonissos*, SMA No. 4248, Appendix A (Sheinbaum dissent) (emphasis added).

While arbitrators "need not compromise the speed and efficiency that are the goals of arbitration," they "*must* have before them enough evidence to make an informed decision." *Areca, Inc. v. Oppenheimer & Co., Inc.*, 960 F.Supp. 52, 55 (S.D.N.Y. 1997) (emphasis added) (quotation omitted). As recognized by Arbitrator Sheinbaum, the Panel lacked the evidence to make an informed decision about the liability for the demurrage at issue due to the clear impact of the collision on the later loading and discharge of the cargo. *Agathonissos*, SMA No. 4248, Appendix A (Sheinbaum dissent) (emphasis added) ("[T]he evidence deals with and/or reasonably raises numerous outstanding issues of material fact that **preclude granting the motion of Owner for Summary Judgment.**"). The Panel's issuance of an award without sufficient evidence to make an informed decision, renders the Partial Final Award arbitrary and subject to vacatur by the Court.

Arbitrator Sheinbaum further recognized that by issuing the Partial Final Award prior to the opportunity for full discovery and a hearing on the complex legal and factual issues surrounding the collision and subsequent delays, Charterer was deprived of its right to a full and fair hearing. *Id.* ("[T]he majority incorrectly and unnecessarily deprives Charterer of this **important right** in this factually, legally and contractually complex case.") Thus, under the Federal Arbitration Act, the misconduct of the Panel prejudiced the rights of the Charterers and

9

warrants vacatur. *See* 9 U.S.C. § 10(a)(3) (the Court may vacate an award when the arbitrators were guilty of "any other misbehavior by which the rights of any party have been prejudiced.")

Moreover, in arbitration "[a] fundamentally fair hearing requires that the parties be permitted to present evidence and cross-examine adverse witnesses." *Mallory Factor Inc. v. West Coast Entm't Group,* No. 99 Civ. 4819 (JFK), 1999 WL 1021076, at *3 (S.D.N.Y. Nov. 9, 1999); *Aferiat v. Grossman,* No. 96 CIV. 1774 (JFK), 1998 WL 99797, at *6 (S.D.N.Y. Mar. 4, 1998). Here, the testimony of the Vessel's "operator" was submitted to the panel for the **first** time in a declaration submitted with the Owner's reply brief, and left the Charterer with no opportunity to cross-examine or refute such evidence. Thus, the procedures prior to the issuance of the Partial Final Award were fundamentally unfair, and denied Charterer an opportunity for a full and fair opportunity to address the new evidence submitted with Owner's reply for the first time. In the circumstances, therefore Charterer was prejudiced by the premature award.

## CONCLUSION

For the reasons set forth above, ST Shipping respectfully requests that the Court vacate the Partial Final Award and grant such other and further relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 25, 2015

                        **CLYDE & CO US LLP**
                        Attorneys for Petitioner
                        ST Shipping & Transport Pte, Ltd.

                        /s/ John R. Keough
                        John R. Keough
                        Casey D. Burlage
                        Zoë E. Sajor
                        The Chrysler Building
                        405 Lexington Avenue, 16th Floor
                        New York, New York 10174
                        Tel: (212) 710 3900
                        Fax: (212) 710 3950